IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RON SIMMONS, in his capacity as CEO of LEGACY BUSINESS GROUP, LLC and as Manager of BALCONY MANAGEMENT, LLC, the General Partner of LIBERTY ASSOCIATES, L.P., et al., § § § § § § Plaintiffs, § v. § § QUIXTAR, INC., § § Defendant. § | § § § § § § § § § § § § § § | CASE NO. 4:07cv487 |

### ORDER REGARDING DEFENDANT'S MOTION TO ABSTAIN

Now before the Court is Defendant Quixtar's Motion to Abstain (Dkt. 6). Having considering the motion and Plaintiff's response, the Court finds that it should be GRANTED as set forth below.

Here, Plaintiffs Ron Simmons, in his capacity as CEO of Legacy Business Group, LLC and as Manager of Balcony Management, LLC, the General Partner of Liberty Associates, L.P., Legacy Business Group, LLC, Interactive Marketing Systems, LLC d/b/a Kansas Interactive Marketing Systems, Global E-Biz, Inc., Goetschel Enterprises, Inc. and Florence Enterprises, Inc., bring claims against Defendant Quixtar, Inc. for breach of contract, interference with business agreements and business relationships, tortious interference with prospective business relations, business disparagement, and fraud arising out of their relationship and conduct as Quixtar distributors or IBO's. Plaintiffs also seek injunctive relief and a declaratory judgment.

Before filing this suit, the same Plaintiffs filed suit against Defendant in state court in Collin County, Texas, cause number 366-3554-07, seeking injunctive and declaratory relief, and asserting six different causes of action. Defendant then asserted counterclaims against Plaintiffs in the state court action. Plaintiffs then (apparently after they were unsuccessful in obtaining injunctive relief in the state court action) voluntarily non-suited without prejudice their claims against Defendant, leaving only Defendant's counterclaims in the suit.

Then, in December 2007, the Collin County District Court dismissed Defendant's counterclaims for want of prosecution. However, according to the parties' most recent joint submission, the order of dismissal was set aside, after Defendant filed a motion to reinstate the case on the docket, and the case was reinstated on the docket of the Collin County Court "to the same effect as if it had never been dismissed." *See* Dkt 19-7 (Collin County Court's December 18, 2008 Order on Motion to Reinstate Case on Docket). Therefore, at this time, according to the plain language of the state court order and the current record of state court pleadings on the record in this case, Defendant's counterclaims against Plaintiffs are still pending in the state court case.

Only after Plaintiffs' efforts at intervening in another suit involving Defendant Quixtar failed (and Plaintiffs' request for state court injunctive relief failed) was this federal diversity action filed. It involves essentially the same claims as Plaintiffs' original state court action and arises out of the same transaction.

Because there is nothing before the Court to indicate that the state court action involving the same parties and facts at issue here has been resolved, and because Plaintiffs voluntarily dismissed their claims in that case without prejudice to re-filing them, Defendant now seeks for this Court to

2

abstain from ruling on the merits of Plaintiffs' claims in this federal action pending the completion of the state court case.

### STANDARD

The abstention doctrine applies when there are parallel proceedings involving the same parties and same issues pending in federal and state court. *Brown v. Pacific Life Ins. Co.,* 462 F.3d 384, 395 (5th Cir. 2006); *Republic Bank Dallas, Nat. Ass'n v. McIntosh,* 828 F.2d 1120, 1121 (5th Cir. 1987). The Fifth Circuit has recognized that "it may be that there need not be applied in every instance a mincing insistence on precise identity" of parties and issues in order to find that cases are parallel for purposes of the abstention doctrine. *McIntosh,* 828 F.2d at 1121.

When there are parallel federal and state court proceedings containing claims for coercive relief (rather than declaratory relief) – including injunctive relief – the *Colorado River* abstention doctrine is ordinarily applicable. *Black Sea Inv., Ltd. v. United Heritage Corp.,* 204 F.3d 647, 652 (5th Cir.2000) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed.2d 483 (1976)). "The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). Under the *Colorado River* doctrine, a court may abstain from a case under "exceptional circumstances." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

There are six factors for determining whether "exceptional circumstances" exist: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent

3

fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Stewart*, 438 F.3d at 491; *see Colorado River,* 424 U.S. at 818, 96 S. Ct. 1236; *Moses H. Cone,* 460 U.S. at 23, 103 S. Ct. 927. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S. Ct. 927; *see also Black Sea Inv.*, 204 F.3d at 650.

The *Colorado River* abstention doctrine only applies to cases that are parallel. *Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005); *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002). In other words, before undergoing the *Colorado River* analysis, the Court must determine, as a threshold matter, whether the cases involve the same parties and issues. *Am. Guar.*, 408 F.3d at 251; *Diamond Offshore*, 302 F.3d at 540.

## ANALYSIS

Plaintiffs have argued that these cases are not parallel, and therefore the Court need not apply the *Colorado River* analysis. The Court disagrees. Plaintiffs originally brought the claims raised here in the related state court action. Defendant's claims in the state court action are directly related to these claims, and it was only a result of Plaintiff's voluntary nonsuit of them in state court (after receiving an unfavorable ruling there) that they ended up in this Court.

Because they involve the same parties and the same issues (which were narrowed in the state court action only after Plaintiff's voluntary dismissal of them), the Court finds that state and federal cases are parallel and therefore fall under the *Colorado River* analysis. Accordingly, the Court will

look at each factor of the analysis to determine whether abstention is appropriate.

**(1) Assumption by Either State or Federal Court over a Res**

This case "does not involve any res or property over which any court, state or federal, has taken control.... [T]he absence of this factor weighs against abstention." *Murphy*, 168 F.3d at 738.

**(2) Relative Inconvenience of the Forums**

The federal and state courts are located in close geographic proximity within the state of Texas – the state court being in Collin County and the federal court being in Sherman. This factor weighs against abstention. *See id.; Black Sea,* 204 F.3d at 650.

**(3) Avoidance of Piecemeal Litigation**

This is the key factor at issue here, and the Court's primary concern. "[T]he Colorado River doctrine does not prohibit duplicative litigation, but only piecemeal litigation." *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006). Here, failure to abstain would result in piecemeal litigation. As noted above, Plaintiffs raised most of the claims they raise here in state court before dismissing them without prejudice. Such dismissal was not made, however, before Defendant filed its state counterclaims.

The Court finds that proceeding with this federal case during the pendency of the Defendant's state counterclaims could lead to inconsistent outcomes regarding the same operative facts. Of particular importance to the Court here is that Plaintiffs initially filed the claims here in the parallel state proceeding and apparently dismissed those for some tactical or other reason, not necessarily because the federal forum provided a more appropriate venue to dispose of their claims. The Court finds that, in light of the facts here, the potential for piecemeal litigation weighs strongly in favor of

abstention.

### (4) Order in Which Jurisdiction Was Obtained

Plaintiffs first filed their state action on October 16, 2007, three days before this suit was filed. Accordingly, the Texas state court was the first to obtain jurisdiction over the matters presented in both the state and federal lawsuits. However, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem. Hosp.,* 460 U.S. at 21, 103 S. Ct. 927.

Here, the record indicates that motions have been filed in and heard by and ruled upon by the state court. In particular, the state court issued a temporary restraining order and subsequently dissolved it. No substantive motions have been filed in this cause, other than this motion to abstain, and this case is in its infancy, the Court having invested very few judicial resources into it, other than considering and ruling upon this motion.

Plaintiffs claim that "no substantive issues have been resolved" in the state court case. The Court disagrees. The granting and dissolution of injunctive relief is substantive, and certainly far more substantive than any proceedings before this Court to date. Therefore, this factor weighs in favor of abstention.

### (5) Whether State or Federal Law Will Be Applied

This is a diversity matter, so it appears Texas law would apply to both cases, making this a neutral factor as to abstention. *Stewart*, 438 F.3d at 493.

**(6) Adequate Protection in State Court**

Plaintiffs initially filed their claims in state court, clearly believing that their rights could be adequately protected there. Moreover, although they have dismissed their state claims, such dismissal was without prejudice, such that they could be re-filed there should Plaintiffs so choose. Therefore, this factor is neutral as to abstention. *Stewart*, 438 F.3d at 493.

Having weighed all the factors here, the Court finds that the fact that the state court has made substantive rulings regarding the facts at issue and the fact that concurrent litigation could result in piecemeal litigation weigh strongly in favor of abstention and that abstention is appropriate at this time. Therefore, Defendant's Motion to Abstain (Dkt. 6) is GRANTED. However, should Defendant fail to prosecute its claims in the state court proceedings, the Court will not permit their pendency to indefinitely stall proceedings here. To ensure that Plaintiffs' claims here do not fall into a state of perpetual limbo, within 90 days of the date of this order or within 30 days of the final resolution of the state court action, whichever is sooner, the parties are directed to provide the Court with a joint report advising it of the status of the state court action.

**SO ORDERED.**

**SIGNED this 8th day of April, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE